Plaintiff, Lisa Collins Sapp, as administratrix of the estate of Chester L. Collins, deceased (hereinafter "Sapp"), appeals from a summary judgment for the defendant, Beech Aircraft Corporation. We affirm.
On September 27, 1977, Chester L. Collins was killed when the Beechcraft King airplane he was piloting crashed at the Auburn-Opelika airport. According to Collins's co-pilot, the airplane hit some tall pine trees while approaching the runway, damaging the right wing and right propeller. Then, after hitting another group of trees, the plane crashed. The co-pilot escaped the airplane prior to its being engulfed in flames; however, Mr. Collins perished in the fire.
On September 12, 1979, Sapp, as administratrix of her father's estate, sued Beech Aircraft. Sapp contended that the seatbelt, which was a component part in the airplane which was manufactured by Beech Aircraft, was "defective" within the meaning of the Alabama Extended Manufacturer's *Page 419 
Liability Doctrine ("AEMLD"), and that the alleged defect caused Collins's death. Also named as a defendant was Hangar One, Inc., the seller of the airplane.
The trial court entered a summary judgment in favor of Hangar One on June 8, 1983. That judgment was made final, and Sapp did not appeal from it.
Beech Aircraft filed its motion for summary judgment on June 27, 1989. The Court heard oral argument and the parties filed briefs. At this point, there had been years of discovery. The trial court entered summary judgment in favor of Beech Aircraft. The trial court, in ruling on a summary judgment motion, may consider any evidence before it that would be admissible at trial, as well as any material submitted in support of or in opposition to the motion. Morris v. Morris,366 So.2d 676 (Ala. 1978).
Beech Aircraft, the party moving for summary judgment, bore the burden of showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Burkett v. Loma Machine Manufacturing, Inc., 552 So.2d 134
(Ala. 1989); Rule 56(c), A.R.Civ.P.
We have stated the following regarding the AEMLD:
 "(1) [A plaintiff must show that] he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
 "(a) the seller is engaged in the business of selling such a product, and
 "(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it was sold.
 "(2) Showing these elements, the plaintiff has proved a prima facie case although
 "(a) the seller has exercised all possible care in the preparation and sale of his product, and
 "(b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller."
Casrell v. Altec Industries, Inc., 335 So.2d 128, 132 (Ala. 1976); see also Atkins v. American Motors Corp., 335 So.2d 134,141 (Ala. 1976).
Moreover, this Court has defined "defect" and "defective" as those terms apply in regard to the AEMLD:
 "[A defect is that] which renders a product 'unreasonably dangerous,' i.e., not fit for its intended purpose, and . . . all 'defective' products are covered. . . .
". . . .
 " 'Defective' is interpreted to mean that the product does not meet the reasonable expectations of an ordinary consumer as to its safety. Comment g. of the Restatement [(Second) of Torts (1965)] says defective condition applies when, at the time the product leaves the seller's hands, it is in a condition not contemplated by the ultimate consumer."
Casrell, 335 So.2d at 133.
The definitive case setting forth the plaintiff's burden of proof regarding a defect under the AEMLD is Sears, Roebuck Co. v. Haven Hills Farm, Inc., 395 So.2d 991 (Ala. 1981). In that case, with regard to the proof necessary to establish a prima facie case, we stated:
 "Liability is not established merely by showing that the product failed in furthering or performing its intended use. The Plaintiff must prove that the product was substantially unaltered when used by him and must also prove causation in fact, including proof that the defect caused the injury and that the defect is traceable to the Defendant. . . .
". . . .
 " 'The fact of an injury, of course, does not establish the presence of a defect. Thus, recovery cannot be predicated on injury alone, for linking liability to injury rather than to proof that a product is defective creates absolute rather than strict liability.'
 ". . . Necessarily, then, this test is met only by showing that the product's failure of performance is causally related in *Page 420 
fact to the product's defective condition at the time of its sale."
395 So.2d at 995 (citations omitted).
In support of its motion for summary judgment, Beech Aircraft relied on affidavit testimony to the fact that the decedent's airplane had been subjected to a routine 100-hour inspection two months before the crash. During this inspection, the pilot's seatbelt was thoroughly inspected in accordance with industry standards and was found to be satisfactory in all respects.
In opposition to Beech Aircraft's motion for summary judgment, Sapp relied on two affidavits. The co-pilot stated in his affidavit that during the second impact of the plane with the trees, Collins's seatbelt unfastened. In his opinion, he said, Collins's death was a direct result of the seatbelt's failure.
Sapp also offered the affidavit of her expert witness, Don Hall. His affidavit stated in part:
 "I have reviewed the records and sworn statements relating to an aircraft accident which occurred at Auburn, Alabama on September 27, 1977, approximately 7:30 a.m. Assuming the truth and accuracy of Mike Parker's testimony as set out in his deposition and his sworn statement [Parker was the co-pilot], the pilot's seat belt would, in my opinion have had to fail. I do not believe this could occur without a defect in the buckle."
The burden of proving that the product was in a defective condition at the time it left the hands of the seller is upon the plaintiff. Unless evidence can be produced that will support the conclusion that it was defective when it left the hands of the seller, the burden is not sustained.Atkins, 335 So.2d at 146; Restatement (Second) of Torts, § 402A (1965), Comment g.
The only evidence before us shows that during the crash of an airplane, during the second impact with some trees, the decedent's seatbelt failed. There was no evidence that the seatbelt was defective at the time the plane left the hands of Beech Aircraft. Therefore, Sapp failed to meet her burden of proving that the seatbelt was defective. The summary judgment in favor of Beech Aircraft Corporation is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.