Plaintiffs Freddie R. Smith and Lila R. Smith appeal from a summary judgment entered in favor of defendant Fruehauf Corporation.
Freddie Smith was injured on October 2, 1984, when the vehicle he was driving went out of control and overturned. He was driving a tractor (truck) and pulling two tandem trailers manufactured by Fruehauf. The front trailer was connected to a converter dolly by a coupling assembly, and the converter dolly was connected to the rear trailer. There was also a safety chain connecting the two trailers.
As Mr. Smith was traveling on a fourlane highway, in the left lane of the two lanes for his direction of travel, the left front tire of the truck blew out. When the tire blew out, the truck and trailers were pulled toward the median. Mr. Smith managed to pull the truck and trailers back onto the road; however, the rear trailer began to swerve back and forth and then overturned. The truck and front trailer then overturned and the vehicle came to rest.
The accident was investigated by Trooper Billy Mayes. In his deposition, Trooper Mayes testified that his inspection of the truck and trailers at the scene of the accident revealed that the "hitch" connecting the two trailers was unhitched, but that the trailers were still connected by the safety chain. Trooper Mayes was unable to tell whether the "hitch" had been broken, but did state that he did not see any metal to suggest a broken hitch.
After the accident, the two trailers and the converter dolly were towed to the Birmingham terminal of Mr. Smith's employer, Bowman Transportation, Inc., where James Robert Baynes, the safety supervisor at Bowman Transportation in Birmingham, inspected them. In Mr. Baynes's deposition, he testified that the "lock mechanism" or the coupling assembly was broken during the accident and that the "piece" was never found.
The trailers were eventually sent to Bowman Transportation in Atlanta for inspection and repair. Benjamin Brown, the trailer manager for Bowmar Transportation in Atlanta, testified in his deposition that both trailers were badly damaged as a result of the accident and that the coupling assembly had to be replaced. Mr. Brown also stated that the coupling assembly holds the two trailers together.
On August 25, 1985, Mr. Smith sued Fruehauf and Goodyear Tire and Rubber Company (hereinafter "Goodyear"), the manufacturer of the tires on the truck. He claimed damages against Fruehauf under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), alleging that Fruehauf designed, manufactured, marketed, and/or sold trailers that were defective and not reasonably safe for their intended use; that Fruehauf knew or should have known that the trailers were imminently dangerous when used in a reasonable and foreseeable manner; that Fruehauf failed to warn him that the trailers "were designed to fail"; that Fruehauf negligently manufactured and assembled the trailers; and that, as a result of Fruehauf's negligence and/or wantonness, he was injured. *Page 572 
His wife joined the complaint, suing for loss of consortium and for reimbursement for medical expenses she had incurred for her husband. The Smiths also claimed damages against Goodyear, alleging that it had negligently designed, manufactured, marketed, and/or sold the left front tire on the truck.
Both Fruehauf and Goodyear answered the Smiths' complaint, denying the allegations thereof and raising the affirmative defense of contributory negligence.
On December 19, 1988, Goodyear was voluntarily dismissed with prejudice.
On April 4, 1990, Fruehauf filed a motion for summary judgment. On May 25, 1990, the trial court entered for Fruehauf what it called a "nonfinal" summary judgment. That summary judgment was, however, in all respects final. Therefore, it was appealable. The rule in this State is that an order that disposes of all pending issues as to all parties, so that by the general rules of procedure it is final and appealable, will not be made nonfinal by the trial court's calling it nonfinal. See Rule 54(b), A.R.Civ.P. Thus, the May 25, 1990, judgment was appealable.
Fruehauf points out that the Smiths did not appeal within 42 days of May 25, and therefore argues that their appeal was untimely. See Rule 4, A.R.App.P. However, the filing of a proper and timely post-judgment motion pursuant to Rule 59(e), to "alter, amend, or vacate" the judgment, will suspend the running of the time for appeal. See Rule 4(c), A.R.App.P. We find such a motion in this case. Therefore, the appeal, which was brought within 42 days of the trial court's ruling on that motion, was timely. See Rule 4(c).
In Casrell v. Altec Industries, Inc., 335 So.2d 128, 132-33
(Ala. 1976), this Court held that in order to establish liability under the AEMLD, the plaintiff must show:
 "(1) [H]e suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
 "(a) the seller is engaged in the business of selling such a product, and
 "(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
 "(2) Showing these elements, the plaintiff has proved a prima facie case although
 "(a) the seller has exercised all possible care in the preparation and sale of his product, and
 "(b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller."
In Sears, Roebuck Co. v. Haven Hills Farm, Inc.,395 So.2d 991 (Ala. 1981), this Court, explaining further the plaintiff's burden of proof in establishing liability under the AEMLD, stated:
 "Liability is not established merely by showing that the product failed in furthering or performing its intended use. The Plaintiff must prove that the product was substantially unaltered when used by him and must also prove causation in fact, including proof that the defect caused the injury and that the defect is traceable to the Defendant. . . .
". . . .
 " 'The fact of an injury, of course, does not establish the presence of a defect. Thus, recovery cannot be predicated on injury alone, for linking liability to injury rather than to proof that a product is defective creates absolute rather than strict liability.'
". . . .
 ". . . The burden of proof rests with the injured consumer to prove that the product left the defendant's control in an unreasonably dangerous condition not fit for its expected use, and that [that] which rendered the product . . . unfit . . . in fact caused the injury. The plaintiff's burden will not be sustained without evidence to support the conclusion that the product is defective."
395 So.2d at 995 (citations omitted). See, also, Sapp v. BeechAircraft Corp., 564 So.2d 418 (Ala. 1990) (citing Casrell, supra, and Sears, Roebuck Co., supra). *Page 573 
This case was pending on June 11, 1987; accordingly, the "scintilla of evidence rule" applies to the ruling on the motion for summary judgment. See Ala. Code 1975, § 12-21-12. The question befores this Court is whether there was a scintilla of evidence before the trial court that the trailers or the coupling assembly left Fruehauf's control "in a defective condition unreasonably dangerous to the plaintiff" (seeCasrell, supra) and, if so, whether the defective condition caused Mr. Smith's injuries.
Fruehauf based its motion for summary judgment on the pleadings, the interrogatories and answers thereto, and the depositions of Freddie Smith, Billy Mayes, James Robert Baynes, and Benjamin Brown. The only evidence offered by the Smiths in opposition to Fruehauf's motion for summary judgment was the affidavit of their expert witness, John E. Sims, which reads, in pertinent part:
 "I have examined the available evidence in the case of Smith v. Fruehauf and offer the following in response to the defendant's motion for summary judgment.
 "The physical evidence indicates that a tractor pulling tandem trailers simply running off the relatively flat interstate highway into the grassy median should not have produced sufficient force to cause the coupling assembly between the two trailers to fail. The available photographs depicting the tracks of the tractor and both trailers show that the rear trailer was not tracking properly at the point where the tractor trailer system returns to the highway. There is no evidence of any type of terrain that should have caused the coupling assembly to fail. Absent the failure of the coupling assembly, I would have expected the driver to recover control of the vehicle and bring the unit to a controlled stop. The coupling assembly is an integral component of the tandem trailer system and is vital and necessary to the stability of the system."
In Sapp v. Beech Aircraft Corp., supra, this Court reviewed a summary judgment entered for the defendant in a wrongful death suit alleging a defect in a seatbelt. In opposition to the defendant's motion for summary judgment, the plaintiff in that case offered the affidavit of her expert, which read, in pertinent part:
 "I have reviewed the records and sworn statements relating to an aircraft accident which occurred at Auburn, Alabama, on September 27, 1977, approximately 7:30 a.m. Assuming the truth and accuracy of Mike Parker's testimony as set out in his deposition and his sworn statement [Parker was the co-pilot], the pilot's seatbelt would, in my opinion, have had to fail. I do not believe this could occur without a defect in the buckle."
564 So.2d at 420. In affirming the summary judgment, this Court stated:
 "The burden of proving that the product was in a defective condition at the time it left the hands of the seller is upon the plaintiff. Unless evidence can be produced that will support the conclusion that it was defective when it left the hands of the seller, the burden is not sustained.
". . . .
 "The only evidence before us shows that during the crash of an airplane, during the second impact with some trees, the decedent's seatbelt failed. There was no evidence that the seatbelt was defective at the time the plane left the hands of Beech Aircraft. Therefore, Sapp failed to meet her burden of proving that the seatbelt was defective."
564 So.2d at 464 (citations omitted).
Based on our holding in Sapp, supra, we conclude that the Smiths have not presented a scintilla of evidence that the trailers or the coupling assembly were in a defective condition and were unreasonably dangerous when they left Fruehauf's control. The trial court correctly entered Fruehauf's summary judgment. We affirm.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur. *Page 574