RUSSELL, Judge.
Robert David McDonald appeals from the trial court’s grant of a Rule 60(b), Alabama Rules of Civil Procedure, motion for relief from judgment, and we affirm.
*129 McDonald filed a complaint on December 31,1985, against Tony Carlisle and Edward Cannon, alleging that he had been terminated from employment because of his service as a grand juror. On March 11, 1987, the case was dismissed for want of prosecution. Some fifteen months later, on June 10, 1988, McDonald filed a Rule 60(b) motion to set the dismissal aside, which was granted by the trial court. A judgment was entered in favor of McDonald on October 25, 1990. On February 15, 1991, Cannon then filed the Rule 60(b) motion that is the subject of this appeal, contending that the trial court lacked jurisdiction to grant the previous Rule 60(b) motion which reinstated proceedings after the dismissal.
McDonald contends that the trial court erred in dismissing the complaint, as well as the judgment, because, he claims, the trial court did not lack jurisdiction, and the judgment was not void. McDonald and Cannon agree that McDonald’s motion was a Rule 60(b)(1) motion which must be filed no more than four months after the judgment was entered. However, Cannon argues that, because of the untimely filing of the motion, the trial court lacked jurisdiction of the matter and, therefore, did not have the authority to reinstate it. We agree.
The dismissal of McDonald’s action occurred on March 11, 1987. McDonald did not appeal within the required time and did not file the Rule 60(b)(1) motion within the mandatory four month period; either action would have continued the trial court’s jurisdiction over the matter. Therefore, we find that McDonald’s Rule 60(b)(1) motion came too late and that this case is due to be affirmed. See Hill v. Townsend, 491 So.2d 237 (Ala.1986).
We pretermit a discussion of the other issue presented by McDonald as unnecessary.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.