Vicki Prewett Johnson filed a Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment which divorced her from Charles Eugene Johnson. The divorce judgment incorporated an agreement entered into by the parties, which determined the custody of the parties' children, the amount of periodic alimony, and the division of property. The wife alleged that she suffers from a mental illness and that she lacked the capacity to enter into the agreement. Following oral proceedings, the trial court entered an order, finding that the wife lacked the mental capacity to enter into the agreement and that the divorce judgment was void. The trial court ordered that the case be "returned to the docket for trial." The husband filed a post-judgment motion, which the trial court denied. The husband appeals.
"The grant of a Rule 60(b) motion is generally treated as interlocutory and not appealable . . . . It is only insome situations that an order granting relief under Rule 60(b) is treated as a final judgment for the purposes of appeal. But these situations are the exception rather than the rule." Exparte Short, 434 So.2d 728, 730 (Ala. 1983) (emphasis in original). See also Ex parte Alfa Mutual General Ins. Co.,681 So.2d 1047 (Ala. 1996).
The order from which the husband appeals is interlocutory, because further proceedings were to occur. Ex parte Alfa MutualGeneral Ins. Co. This court lacks jurisdiction to hear an appeal from an interlocutory order. Rule 5(a), Ala. R.App. P.;Crane v. American Cast Iron Pipe Co., 682 So.2d 1389
(Ala.Civ.App. 1996). Therefore, this appeal is due to be dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
APPEAL DISMISSED.
All the Judges concur.