PER CURIAM.
These proceedings — two appeals and a petition for permission to appeal — involve a controversy over two parcels of land. A residence was located on one lot, and the other lot was vacant. The basic question presented is whether the assignee of a mortgage had a right to seek reformation of the deeds and mortgagees related to her title, in view of the fact that the deeds and mortgages described the vacant lot owned by the original mortgagor rather than the lot on which the mortgagor’s residence was located.
The facts are not seriously disputed. In 1988, Urban Q. Garrett owned two parcels of land in Talladega County; his house was located on one parcel (Rt. 5, Box 177; a/k/a 340 Bertha Lane) and the other parcel was a vacant lot (Rt. 5, Box 187-A). In May 1988, Garrett obtained a loan from EquiSouth Financial Services Company, Inc., and, in exchange, executed a mortgage. Both Garrett and EquiSouth believed that the property where Garrett’s house was located (340 Bertha Lane) was being used as collateral for the loan, but the mortgage listed the address and legal description of the vacant lot owned by Garrett. EquiSouth thereafter assigned the mortgage to Goldome Credit Corporation, and Garrett began making monthly payments on his loan indebtedness to Gol-dome.
In June 1993, Garrett filed a bankruptcy petition and, subsequently, stopped making payments on his loan. In August 1993, Garrett moved out of his house. Goldome foreclosed on the mortgage in 1994 and, at the foreclosure sale, it bought what it says it believed to be the property at 340 Bertha Lane. The foreclosure deed, however, contained the legal description of the vacant lot.
In 1996, Goldome sold this property and delivered a quitclaim deed to Eleanor Curry. The quitclaim deed contained the address and legal description of the vacant lot rather than of the property at 340 *95 Bertha Lane. Curry went into possession of the lot at 340 Bertha Lane.
In 1998, Garrett filed an ejectment action against Curry, pursuant to the provisions of § 6-6-280, Ala.Code 1975. Both parties filed motions for summary judgment. Thereafter, Curry also filed a motion, in which she attempted to bring in additional defendants, including Goldome.
The trial court, on October 2, 1998, entered a summary judgment in favor of Garrett on the ejectment claim, stating:
“The court is of the opinion that the motion of Urban Q. Garrett for summary judgment herein is due to [be] granted, there being no genuine issue as to any material fact.
“IT IS, THEREFORE, ORDERED AND ADJUDGED that summary judgment is granted in favor of Urban Q. Garrett and against Eleanor Curry on all of the issues involved in this civil action; and
“IT IS, THEREFORE, ALSO ORDERED AND ADJUDGED that [Garrett] have and recover possession of the following described premises from Eleanor Curry:
“[Legal description of the property where the house is located — 340 Bertha Lane].
“This is a final judgment, disposing of the issues herein between Urban Q. Garrett and Eleanor Curry.
“Eleanor Curry has pending herein motions to bring in third parties. Eleanor Curry is granted leave of court to resubmit motions to bring in new parties within fifteen (15) days of the date of this judgment, as to which no notice is required to be given to Urban Q. Garrett, final judgment having been rendered relative to him, and Urban Q. Garrett is dismissed as a party to any proceeding that may relate to third parties.”
Curry did not appeal that decision, but, subsequently, on October 28, 1998, Gol-dome was brought into this action, based on a motion filed in the case by Curry. No new action was filed, and no new case number was assigned.
On March 23, 1999, Goldome filed a “Motion/Complaint for Reformation or Alternative Relief,” in which Goldome sought to: (1) reform, pursuant to § 35-4-150, Ala.Code 1975, the various deeds that contained the legal description of the vacant lot instead of the legal description of the property at 340 Bertha Lane; (2) assert a claim of fraudulent misrepresentation against Garrett; and (3) assert claims of fraudulent suppression and deceit against Garrett. On June 28, 1999, the trial court denied Goldome’s motion, stating:
“The only jurisdiction of this court to reconsider the judgment entered herein on October 2, 1998, is under Rule 60(b) of the Alabama Rules of Civil Procedure. These requests to bring Urban Q. Garrett into this litigation are treated by the court as Rule 60(b) motions. The court finds that there are no grounds stated justifying action by this court under Rule 60(b). The court is of the opinion that the judgment of October 2, 1998, is res judicata as to the issues therein, which judgment is binding not only on Eleanor Curry but on Goldome Credit Corporation, whose interests were adequately represented by Eleanor Curry in the prior litigation.”
Goldome, acting pursuant to Rule 5, Ala. R.App. P., asked the trial court for the statement that would allow it to seek this Court’s permission to appeal from an interlocutory order. Claims between Gol-dome and Curry were still pending. Because Goldome was uncertain as to whether the June 1999 order was a final judgment, and because the time for filing an appeal was about to expire, Goldome also filed a notice of appeal on August 9, 1999; that appeal was docketed in this Court as Case No. 1981983. On that same day, the trial court gave the statement necessary for Goldome to seek permission to appeal, and Goldome then filed in this Court a petition for permission to *96 appeal. That petition was docketed as Case No. 1982029.
Eleanor Curry died on August 3, 1999. Paulette King, as administratrix of the estate of Eleanor Curry, was substituted in place of Curry.
It is apparent that the trial court, in denying Goldome’s motion/complaint for reformation or alternative relief, considered its October 1998 order to be a final judgment.[1] Whether a judgment is final depends on whether it sufficiently ascertains and declares the rights of the parties, not on its title or how the trial court characterizes it. See Smith v. Fruehauf Corp., 580 So.2d 570 (Ala.1991), and B E & K, Inc. v. Weaver, 743 So.2d 476 (Ala.Civ.App.1999). The trial court’s October 1998 order entered a summary judgment in favor of Garrett in his ejectment action. Nevertheless, in that October 1998 order, the trial court specifically referred to the fact that the case had pending motions to join additional parties. Thus, that order, which was not made final pursuant to Rule 54(b), Ala. R. Civ. P., (it lacks any recitals required by that rule), cannot be considered a final judgment. See Rule 54(b) and Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 753 (Ala.2000).
Moreover, the June 1999 order denying Goldome’s motion for reformation or alternative relief, erroneously based on the perceived finality of the October 1998 order, was not a final order because it did not end the proceedings by bringing to a conclusion the last of any remaining issues that were yet to be resolved. Although “[cjlaims adjudicated in a previous non-final order become final, and therefore subject to appeal, at the time the last party or claim is disposed of,” Oliver v. Townsend, 534 So.2d 1038, 1046 (Ala.1988), Curry’s third-party claim against Goldome remained pending. Goldome’s appeal is therefore premature. Its petition for permission to appeal would have been a proper mechanism to use here, but that petition is due to be denied because it was not timely filed. Rule 5, Ala. R.App. P., requires that a petition for permission to appeal be filed within 14 days after the entry of the interlocutory order. Goldome did not file its petition until July 28, 1999, and, therefore, did not comply with the requirements of Rule 5.
Thus, the merits of these proceedings are not before us at this time. Nevertheless, we conclude that, in view of the course of these proceedings, including the fact that we have been given a full briefing of the merits, justice requires that we give direction so as to aid the trial court in its further proceedings.
Besides the trial court’s erroneously treating its October 1998 order as a final order, the following facts also weigh against the trial court’s refusal to consider Goldome’s motion: Garrett possessed a deed containing the legal description to the property where the house was located (340 Bertha Lane). Curry held a quitclaim deed containing the legal description of the vacant lot. Curry claimed, however, that the legal description on her quitclaim deed was incorrect; she asserted that the deed should have contained the legal description of the property located at 340 Bertha *97 Lane. In his deposition testimony, Garrett himself stated that he had intended to mortgage his house and land at 340 Bertha Lane when he executed the mortgage to EquiSouth in 1988. In fact, on his application for the EquiSouth mortgage, Garrett listed the property at 340 Bertha Lane as collateral for the loan. He also stated that the last time he paid taxes on the property at 340 Bertha Lane was in 1993, when he vacated the house. He admitted that he had believed Goldome had foreclosed on the house and land at 340 Bertha Lane after he stopped making payments on his mortgage. Moreover, on his schedule of assets and liabilities filed with his bankruptcy petition, Garrett listed Goldome as a creditor secured by an interest in the property at 340 Bertha Lane. Although he was aware that Curry had moved into the house located at 340 Bertha Lane, the house he had formerly lived in, Garrett did not file the ejectment action against Curry until two years after he had vacated the house.[2]
We conclude, based on the facts stated here, that Goldome’s appeal (No. 1981983) is due to be dismissed with directions for the trial court to conduct proceedings consistent with this opinion; that the petition for permission to appeal (No. 1982029) is due to be denied; and that in No. 1990855 (the appeal from the judgment entered in Garrett’s favor in the unlawful-detainer action — see note 1) the judgment is due to be vacated and the cause remanded for proceedings consistent with this opinion.
1981983 — DISMISSED WITH DIRECTIONS.
1982029 — PETITION FOR PERMISSION TO APPEAL DENIED.
1990855 — JUDGMENT VACATED AND CAUSE REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ„ concur.
JOHNSTONE, J., concurs in the result in 1981983 and 1982029, but dissents in 1990855.

. We nole that following the entry of the October 1998 order, Garrett filed an unlawful-detainer action, pursuant to § 6-6-332, Ala.Code 1975, in the District Court of Talladega County, on May 7, 1999. The district court, based on the October 1998 order in this case, found Curry guilty of unlawful detainer. Paulette King, who had been substituted in place of Eleanor Curry, appealed to the circuit court. The circuit court entered a summary judgment in favor of Garrett on his unlawful-detainer claim, again based on the October 1998 order in this action. King appealed to the Court of Civil Appeals; that court transferred the case to this Court to be considered with the other two actions pending before this Court. Because of our disposition of tire other two actions, the circuit court’s September 17, 1999, summary judgment in favor of Garrett on his unlawful-detainer claim, erroneously based on the perceived finality of the October 1998 order, is vacated.

. Garrett, in his reply brief, does not dispute certain facts referred to in Goldome's brief: He does not dispute that he had intended to give a mortgage on his residence to Equi-South Financial Services Company in 1988, and that the mortgage to EquiSouth erroneously contained the address and legal description of a vacant lot that Garrett also owned. He does not dispute that after the mortgage was assigned to Goldome he made a series of monthly payments on his indebtedness, ceasing at some point in 1993 after filing his bankruptcy petition. He does not dispute that he defaulted on his loan and that he abandoned his residence, also in 1993. He does not dispute that he believed that when Goldome foreclosed on the mortgage it was foreclosing on a mortgage secured by the land on which his residence stood, rather than on a mortgage secured by a vacant lot.