PER CURIAM.
The plaintiff, American Automotive Acceptance Company (“American Automotive”), appeals from the denial of a motion to reconsider a summary judgment in favor of the defendants, New South Federal Savings Bank (“New South”) and one of its loan officers, Steve Thomas. American Automotive appeals the summary judgment as to New South. We dismiss the appeal as untimely.
On January 29, 1999, American Automotive and New South entered into a floor-plan loan agreement in which New South agreed to extend American Automotive a line of credit in the amount of $300,000 for a term extending from January 29, 1999, through January 15, 2000. American Automotive used the money to purchase automobiles for sale at an automobile dealership it owned and operated.
American Automotive alleges that on November 10, 1999, contrary to the terms of the loan agreement, New South unilaterally reduced the credit line from $300,000 to $250,000, and began to inter *1062 fere with the business operations of American Automotive’s dealership by ordering American Automotive to liquidate its inventory to reduce the principal balance of the credit line below $250,000. American Automotive did not liquidate its inventory, and on November 30, 1999, New South gave American Automotive written notice that it had defaulted on the loan agreement and that New South was repossessing American Automotive’s automobile inventory as of that date.
American Automotive sued New South and Thomas on October 16, 2000, alleging breach of contract, tortious interference with business relationships, fraudulent misrepresentation, wrongful repossession and/or conversion, and breach of fiduciary duty. On September 10, 2001, New South and Thomas moved for a summary judgment as to all claims asserted by American Automotive. American Automotive filed a response to New South and Thomas’s motion and after a hearing on the motion, the trial court, on January 16, 2002, entered a summary judgment in favor of New South and Thomas as to all claims. However, because new counsel for American Automotive had filed a notice of appearance in the case on January 9, the trial court also, in its summary-judgment order, allowed American Automotive to conduct additional discovery and ordered American Automotive to file, within 70 days of the order, a “motion for reconsideration.” On March 27, 2002, American Automotive filed a motion to alter, amend, or vacate that judgment; on April 9, 2002, the trial court denied that motion and purported, at that time, to make the summary judgment final. American Automotive appeals the summary judgment as to its claims alleging breach of contract and wrongful repossession and/or conversion. American Automotive contends that several facts placed in issue demonstrate that New South wrongfully breached the loan agreement and that, therefore, a summary judgment as to that claim was improper. It further argues that because there are genuine issues of material fact regarding its breach-of-contract claim, New South’s summary-judgment motion should not have been granted as to its wrongful-repossession and/or conversion claim because a finding that New South had breached the loan agreement would mean that New South did not have the legal right to repossess American Automotive’s inventory.
However, before we consider these arguments, we must consider New South’s motion to dismiss American Automotive’s appeal as untimely. New South contends that the January 16, 2002, order entering a summary judgment as to all claims was a final order and that, therefore, according to Rule 4(a)(1), Ala. R.App. P., the appeal should have been filed within 42 days of that order, unless a postjudgment motion was filed pursuant to Rule 50, 52, 55, or 59, Ala. R. Civ. P. See Schiffman v. City of Irondale, 669 So.2d 136, 138 (Ala.1995).
New South points out that the trial court’s January 16', 2002, order explicitly “ordered, adjudged and decreed that summary judgment is entered in favor of [New South] as to each and- every claim asserted by [American Automotive] in this action.” However, the order went on to note that a notice of appearance for a new attorney representing American Automotive .was filed on January 9 and that new counsel had requested that additional discovery be conducted, claiming that “evidentiary materials crucial to [American Automotive’s] response to [New South’s] Motion for Summary Judgment has not yet been obtained by [American Automotive].” The trial court’s order stated that, in light of those facts, “the Court decline[d] to make the summary judgment order final.” The trial court then granted permission for American Automotive to conduct further *1063 discovery, including deposing defendant Thomas, and ordered it to file “a motion for reconsideration of this Order within seventy (70) days from the date of this Order....”
American Automotive conducted additional discovery and, as the trial court directed, filed a motion to alter, amend, or vacate the judgment on March 27, 2002, 70 days after the entry of the summary judgment. On April 9, 2002, the trial court entered an order purporting to deny the postjudgment motion. American Automotive filed its notice of appeal on May 21, 2002, 42 days after the denial of the motion to alter, amend, or vacate, but 125 days after the entry of the summary judgment.
American Automotive argues that the January 16, 2002, order clearly states that it is not a final order and that it was simply following the trial court’s directions in filing its motion to alter, amend, or vacate; therefore, it argues, the January 16 order should not be considered a final order.
“The rule in this State is that an order that disposes of all pending issues as to all parties, so that by the general rules of procedure it is final and appeal-able, will not be made nonfinal by the trial court’s calling it nonfinal. See Rule 54(b), [Ala.] R. Civ. P.” Smith v. Fruehauf Corp., 580 So.2d 570, 572 (Ala.1991) (emphasis added). While the January 16 order did state that it was not a final order, it also explicitly granted New South’s summary-judgment motion “as to each and every claim asserted” by American Automotive. An order that disposes of all claims against all parties must be construed as a final order. See, e.g., Lunceford v. Monumental Life Ins. Co., 641 So.2d 244, 246 (Ala.1994) (“A final judgment is an order ‘that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ ”).
The very fact that the trial court instructed American Automotive to file a motion it referred to as a “motion for reconsideration” indicates that the January 16 order disposed of all claims. The “motion for reconsideration” in this case must be construed as a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment, because the January 16 order disposed of all claims against New South. Rule 59(e) requires that a motion to alter, amend, or vacate the judgment be filed “not later than thirty (30) days after entry of the judgment,” and Rule 6(b), Ala. R. Civ. P., provides that a court “may not extend the time for taking an action under Rules ... 59(b), (d), and (e), ... except to the extent and under the conditions stated in them.” In other words, the court’s order allowing American Automotive 70 days in which to file a “motion for reconsideration” was a nullity.
The “motion for reconsideration” was not filed within 30 days of the entry of the summary judgment; thus, it did not extend the 42-day period for filing an appeal. American Automotive did not file an appeal within 42 days of the January 16 order. Under Rule 2, Ala. R.App. P., the filing of a timely notice of appeal is a jurisdictional prerequisite; accordingly, this Court has no choice but to dismiss the appeal as untimely.
APPEAL DISMISSED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents.
SEE, J., recuses himself.