CRAWLEY,
Presiding Judge.
In September 1998, Larry Robinson and Chrissa Robinson (“the sellers”) sold a house to Phyllis Kato (“the buyer”). The buyer found several problems with the house, and she sued the sellers[1] in December 1999; that case was assigned case no. CV-99-6928. In June 2002, the sellers and the Buyer entered into a settlement *966 agreement pursuant to which one of three named engineers would review three existing reports on the condition of the house and conduct an independent home inspection. The engineer was to then make a report indicating the problems with the house and outlining the necessary repairs to remedy those problems. The engineer was also to take three bids on the repair work from general contractors of his choosing. The general contractor was to utilize subcontractors of the sellers’ choosing to perform the necessary repairs. Once the repairs were completed, the engineer was to make another inspection, and, if the repairs were completed satisfactorily, the engineer was to certify that the house was structurally sound and that all defects had been remedied. The sellers were to pay the engineer, the general contractor, the subcontractors, and for all materials to complete the repairs. On June 18, 2002, after the parties had entered into the settlement agreement, the trial court dismissed case no. CV-99-6928.
Over the next two years, the parties experienced difficulty in implementing the provisions of the settlement agreement. Hack Sain, one of the three engineers listed in the settlement agreement, completed an inspection only after the trial court issued an order on March 15, 2004, requiring that it be completed.[2] Ultimately, before any of the repair work had been started, Sain resigned. The buyer filed a motion entitled “Motion for Instructions,” seeking guidance from the trial court about how to proceed to enforce the settlement agreement. In response, the trial court entered an order in which it held that it no longer had jurisdiction over the case and instructed the parties “to seek, through a separate legal action, a determination of their respective rights, duties and obligations under the Settlement Agreement.” The buyer then filed the present action, which was assigned case no. CV-04-5832, in which she sought enforcement of the settlement agreement, a money judgment for the cost of the uncompleted repairs, or that the dismissal of case no. CV-99-6928, the earlier action, be set aside (thereby effectively setting aside the settlement agreement) and that the case be set for a trial.
The buyer moved for a summary judgment in case no. CV-04-5832, arguing to the trial court that the sellers had breached the settlement agreement and that, therefore, she was entitled to money damages in the amount of $70,763, the cost of the repairs based upon an inspection report of Jerry South, one of the engineers named as an acceptable engineer in the parties’ settlement agreement. The sellers filed a response to the buyer’s motion. Nothing in the record indicates whether the trial court ruled on the motion for a summary judgment. However, the trial court did reinstate case no. CV-99-6928 and set it for trial.
The sellers appealed the judgment reinstating case no. CV-99-6928 to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6). On appeal, the sellers argue that the trial court erred in setting aside the settlement agreement in case no. CV-99-6928. In support of their arguments, the sellers cite law pertaining to summary judgments, the doctrine of res judicata, the equitable doctrine of “clean hands,” and settlements. The buyer’s brief in response argues that the trial court properly exercised its discretion in setting aside, pursuant to Rule 60(b)(6), *967 Ala. R. Civ. P., the settlement agreement in case no. CV-99-6928 in light of the impossibility of its enforcement.
The buyer’s action seeking relief from the judgment of dismissal entered pursuant to the settlement agreement in case no. CV-99-6928 could have been brought in case no. CV-99-6928 as a Rule 60(b)(6) motion. A Rule 60(b)(6) motion need only be “made ■within a reasonable time.” Rule 60(b). Because the settlement agreement apparently became impossible to perform only upon Sain’s resignation in March 2004, which was confirmed by the trial court in case no. CV-99-6938 at a hearing in June 2004,[3] the buyer’s September 2004 action was filed within a reasonable time. The fact that the buyer brought an independent action, based upon the original trial court’s mistaken belief that it lacked jurisdiction over the case, is of no consequence however, because “[tjhere is little procedural difference between the two methods of attack [i.e., filing a Rule 60(b) motion or pursuing an independent action], and since nomenclature is unimportant, courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any procedural difference between them was immaterial in the case.” Rule 60, Committee Comments on 1973 Adoption; see also First Alabama Bank v. McGowan, 758 So.2d 1116, 1117 (Ala.Civ. App.2000); and Sams v. Equitable Life Assurance Soc’y, 402 So.2d 999, 1001 (Ala. Civ.App.1981). Thus, we consider the buyer’s action to be a Rule 60(b)(6) motion seeking to have the dismissal of case no. CV-99-6928 set aside.
Although neither party addresses whether this court has jurisdiction over this appeal, subject-matter jurisdiction may not be waived, and this court takes notice of the lack of subject-matter jurisdiction ex mero motu. See Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69 (Ala.Civ.App.2003) (discussing the general rule that this court notices lack of jurisdiction ex mero motu and citing several cases applying that rule).
“ ‘The grant of a Rule 60(b) motion is generally treated as interlocutory and not appealable.... It is only in some situations that an order granting relief under Rule 60(b) is treated as a final judgment for purposes of appeal. But these situations are the exception rather than the rule.’
[[Image here]]
“The order from which [the appellant] appeals is interlocutory, because further proceedings were to occur.”
Johnson v. Johnson, 703 So.2d 1001, 1002 (Ala.Civ.App.1997) (quoting Ex parte Short, 434 So.2d 728, 730 (Ala.1983)). The order from which the sellers appeal also required further proceedings in the trial court — a trial of the original action in case no. CV-99-6928. Therefore, the trial court’s order was not a final judgment, and this court lacks jurisdiction over this appeal. Ala.Code 1975, § 12-22-2; and Johnson, 703 So.2d at 1002.
APPEAL DISMISSED.
THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs specially, with writing.
MURDOCK, J., dissents, with writing.

. The buyer sued other parties as well; the claims against the other parties were disposed of and are not pertinent to this appeal.

. Although the trial court had dismissed case no. CV-99-6928 in June 2002, it apparently continued to hold hearings pertaining to that action and issued orders to enforce the settlement agreement.

. See note 2.