William Harris, Kelly Harris, Faye Hall, and Earl Hall ("the landowners") sued Gary Cook and Linda Cook, alleging that the Cooks had trespassed on their property, had cut down trees and a fence on their property, and had intentionally caused them emotional distress by those actions. The landowners also sought both an ex parte temporary restraining order and a permanent restraining order to prevent the Cooks from entering their property. The trial court held a hearing on May 7, 2002, at which all parties and their respective attorneys were present. Both sets of parties presented briefs to the court addressing the issues addressed at the May 7 hearing. The Cooks answered the complaint on May 21, 2002; they also asserted a counterclaim under the Alabama Litigation Accountability Act ("the ALAA"), Ala. Code 1975, § 12-19-270 et seq. On May 23, 2002, the trial court entered a judgment stating:
 "This matter came before the Court on May 7, 2002, for a hearing on the Motion for Ex-Parte Restraining Order filed by the Plaintiffs, William B. Harris, Kelly Harris, Faye Hall, and Earl Hall. All parties had notice of said hearing and an opportunity to be present and to submit pleadings and legal briefs for this Court's consideration and review. The Court, after considering the same, makes the following findings:
 "1. That there is no evidence that any kind of easement existed in favor of the Defendants to warrant *Page 979 
and justify entry onto the Plaintiffs' properties by the Defendants.
 "2. That no easement by implication or necessity existed in favor of the Defendants. Absent an express grant, reservation, deed or other written and/or documented conveyance of an easement interest in favor of the Defendants, there is no justification for entry onto the Plaintiffs' properties by the Defendants.
 "The Court, after considering the same, is of the opinion that the requested restraining order should be GRANTED. It is therefore ORDERED that the Defendants are hereby permanently restrained and enjoined from (a) entering on those portions of the Southern Cross Trail Road which traverse the Plaintiffs' real property, as well as from entering onto the real property owned by the Plaintiffs and (b) touching, tearing down, interfering, damaging, meddling with or in any way removing or altering any fence located on the Plaintiffs' properties. There being no further issues to resolve, it is further ORDERED that the above-styled case is hereby DISMISSED with prejudice."
Both sets of parties filed postjudgment motions. The landowners' June 6, 2002, motion requested that the trial court amend its judgment to award damages on the trespass claim and requested that the landowners be permitted to amend their complaint to add additional counts. The Cooks' motion requested that the judgment be set aside and that the case be set for a jury trial; the only reason given in support of the Cooks' motion was that the Cooks had not had time to prepare for a bench trial. The trial court denied the Cooks' motion; it set the landowners' motion for a hearing on July 2, 2002. The transcript of the July 2 hearing indicates that the landowners argued briefly to the trial court that they wished to "reopen" the case to prove trespass damages and that they wished, if the case were "reopened," to amend their complaint to add a malicious-prosecution claim. The trial court never ruled on the landowners' motion, and it was denied by operation of law on September 4, 2002. Rule 59.1, Ala. R. Civ. P.
The parties in this case had previously been involved in another action regarding the Cooks' attempt to erect a fence along an easement that formed a private road ("the Southern Cross Trail Road") for several adjoining landowners, including the landowners in the present action, in the Southern Cross Trail Subdivision. The Cooks had voluntarily stopped erecting the fence after the first action was filed; however, the Cooks later began placing rocks along the easement for, they said, erosion control. The landowners had filed a petition for a rule nisi in the first action; that petition had been set for a hearing on July 22, 2002. Interestingly, the bulk of the arguments presented in the July 2, 2002, hearing in this action involved issues arising from the Cooks' placement of the rocks along Southern Cross Trail Road. After the July 22 hearing on the rule nisi petition in the first action, the parties submitted briefs, and the trial court in that action, on October 10, 2002, entered a judgment finding that the Cooks' placement of the rocks along the easement did not "technically" violate the prior orders of the court issued in both actions. The Cooks then filed a motion in both actions requesting permission to finish work on the ditches along the easement; the trial court granted that motion on December 10, 2002.
On August 6, 2003, the Cooks filed in the present action a motion for *Page 980 
relief from judgment pursuant to Rule 60(b), Ala. R. Civ. P. In their motion, the Cooks explained that their deed contained an easement across the property owned by the landowners and that the deed, "for reasons unknown to the [Cooks] . . . was never presented to, or considered by the court." The landowners filed a motion to strike the Cooks' Rule 60(b) motion. The trial court held a hearing on September 2, 2004, after which the parties submitted memorandums of law. The record reflects that three other hearings were set for November 29, 2004, March 15, 2005, and March 29, 2005. The trial court entered an order on June 2, 2005, granting the Cooks' Rule 60(b) motion. The text of the June 2, 2005, order states that the May 23, 2002, judgment was in fact intended to preserve the status quo until the Cooks were able to present evidence regarding the easement. The landowners, after receiving an extension of time within which to file their appeal pursuant to Rule 77(d), Ala. R. Civ. P., appealed the trial court's order granting the Cooks' Rule 60(b) motion[1]
to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
The landowners argue that the trial court had no jurisdiction to entertain the Cooks' Rule 60(b) motion, which was filed over one year after the May 23, 2002, judgment determining that the Cooks did not have an easement across the landowners' property. The Cooks argue that the May 23, 2002, order was not a final judgment and that, thus, the trial court was finally adjudicating the matter when it entered its order in June 2005.
We must first consider whether the May 23, 2002, order was in fact a final judgment. Although it appears that the parties originally treated the order as a final judgment, that fact is not determinative. Moreover, although the trial court indicated in its June 2005 order that the May 23, 2002, judgment was not final, that determination is not conclusive. American Auto.Acceptance Co. v. New S. Fed. Sav. Bank, 867 So.2d 1061,1063 (Ala. 2003) (quoting Smith v. Fruehauf Corp.,580 So.2d 570, 572 (Ala. 1991)) (stating that a final judgment "`will not be made nonfinal by the trial court's calling it nonfinal'" (emphasis omitted)). Instead, we look to see whether the judgment conclusively decided all claims or all of the rights and liabilities of all of the parties. Ex parte Harris,506 So.2d 1003, 1004 (Ala.Civ.App. 1987).
The May 2002 order began by specifically referencing only the "ex parte" injunction sought by the landowners; however, in substance, the order awarded a permanent injunction to the landowners based on findings that the Cooks did not have an easement over the landowners' property. The order continued by stating that no other issues remained to be addressed and then dismissed the action with prejudice. Thus, the May 2002 judgment dismissed the landowners' trespass and intentional-infliction-of-emotional-distress claims, making the judgment final. See Dolgencorp, Inc. v. Pounders,912 So.2d 523, 525 (Ala.Civ.App. 2005) (indicating that a dismissal *Page 981 
of a plaintiff's remaining claims rendered a judgment final). The Cooks' ALAA counterclaim is not a bar to the finality of the May 2002 judgment; because that judgment, which was otherwise final, did not address the outstanding ALAA claim, the claim was implicitly denied. Gonzalez, LLC v. DiVencenti,844 So.2d 1196, 1202 (Ala. 2002) (stating that a trial court must either rule on a pending ALAA motion or reserve jurisdiction in its judgment on the merits or the judgment on the merits is a final disposition of the case and jurisdiction over the ALAA claim is lost). Accordingly, we conclude that the May 23, 2002, judgment was a final judgment that left no issues pending in the trial court at the time of its entry.
We must determine, therefore, whether the Cooks' Rule 60(b) motion was properly granted. Although the Cooks do not state in their motion upon which sub-section of Rule 60(b) they rely, the land-owners posit that the only subsection possibly applicable to the Cooks' motion is subsection (b)(2), which permits a court to relieve a party from a judgment based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Ala. R. Civ. P. 59(b)." The Cooks' motion alleges that the evidence upon which they rely, i.e., the deed to their property, was not presented to the court. We agree, therefore, that the Cooks' motion was based on Rule 60(b)(2).
A Rule 60(b)(2) motion must be brought within four months of the judgment that it seeks to have set aside. Rule 60(b). The Cooks' Rule 60(b)(2) motion was brought 15 months after the May 2002 judgment. Thus, the motion was untimely and the trial court lacked jurisdiction to entertain the motion. McDonald v.Cannon, 594 So.2d 128, 129 (Ala.Civ.App. 1991). A judgment entered without jurisdiction is void and will not support an appeal. Jones v. Sears Roebuck Co., 342 So.2d 16,17 (Ala. 1977). Accordingly, we dismiss the appeal and order that the trial court vacate its June 2005 order granting the Cooks' Rule 60(b) motion.
APPEAL DISMISSED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] Typically, an order granting a Rule 60(b) motion is considered interlocutory and therefore not appealable. However, the trial court's order granting the Cooks' Rule 60(b) motion and determining that they were entitled to an Ex parteShort, 434 So.2d 728, 730 (Ala. 1983); and Johnson v.Johnson, 703 So.2d 1001, 1002 (Ala.Civ.App. 1997).easement across the landowners' property left no other proceedings to be had in the trial court and is therefore a final judgment as opposed to an interlocutory order. Reaves v. Reaves,883 So.2d 693, 697 n. 3 (Ala.Civ.App. 2003). Thus, an appeal is the proper vehicle by which to seek review in the present case.Id.